NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-242-KKC

HARRY EDWARD PRIDEMORE, JR.                                                        PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

JACK SIZEMORE, ET AL.                                                                   DEFENDANTS

      The plaintiff, an inmate confined at the Laurel County Detention Center, has filed, *pro se,* a 42 U.S.C. §1983 complaint.

## CLAIM

      The plaintiff alleges that deliberate indifference has been exhibited to his serious medical needs in violation of the Eighth Amendment. The plaintiff alleges he has a serious medical need for emergency medical attention because he allegedly has a blood clot in his right lower leg. He contends that despite repeated requests, he has not been administered any treatment for this purported clot. The plaintiff reports that Laurel County Detention Center Head Nurse Betty McKnight has told him several times that he does not have such a blood clot.

      The plaintiff also alleges that deliberate indifference is being exhibited to his serious medical needs, in violation of the Eighth Amendment, because he allegedly is not receiving appropriate medical treatment for "syringomeylia" and "Arnold Chari Malformation."

      The plaintiff further alleges that he is being subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because he lives "in fear of losing my life every day because . . . the blood clot could come loose . . . and cause . . . death or serious injury to me."

      The plaintiff has also submitted an amended complaint.

DEFENDANTS

The named defendants are Laurel County Detention Center officials: Jailer Jack Sizemore and Head Nurse Betty McKnight.

CAPACITY

The plaintiff does not specify whether he is suing the defendants in their official and/or individual capacities. Generally, a plaintiff must designate in which capacity the defendant is being sued; and if the complaint does not so state, then by operation of law the defendant is deemed to have been sued in his or her official capacity. *See Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). Only when the allegations in a complaint clearly indicate that defendants are being sued in their individual capacities for damages is it construed that defendants are being sued in their individual capacities. *See Pelfrey v. Chambers*, 43 F.3d 1034 (6th Cir. 1995). It appears the plaintiff is suing the defendants in their official capacities only.

The Court being sufficiently advised, **IT IS ORDERED** as follows:

(1) The defendants in this action are Laurel County Detention Center officials: Jailer Jack Sizemore and Head Nurse Betty McKnight, in their official capacities only.

(2) The Clerk shall prepare and issue summonses for Jack Sizemore and Betty McKnight in their official capacities.

(3) The Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Clerk's office has prepared the summonses, USM Forms 285,

complaint copies, a copy of this Order, and/or any other documents necessary to effectuate service, the Clerk's office shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record.

(5) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by certified mail, return receipt requested.

(6) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(7) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(8) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(9) The Clerk is directed to serve a copy of this Order upon the Jailer/Warden of the institution in which the prisoner is currently confined and upon the Office of General Counsel for the Kentucky Department of Corrections in Frankfort, Kentucky.

This 11th day of July, 2005.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**