UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-242-KKC

HARRY EDWARD PRIDEMORE, JR.                                    PLAINTIFF

VS:                    **<u>MEMORANDUM OPINION AND ORDER</u>**

JACK SIZEMORE, ET AL.                                         DEFENDANTS

** **    ** **    ** **    ** **    ** **

This matter is before the Court for consideration of the defendants' April 27, 2006 Response [Record No. 19] to the Court's Show Cause Order dated April 10, 2006 [Record No. 18].  The defendants have also filed a Motion for Leave to File a Late Answer [Record No. 22].

The plaintiff in this action, Harry Edward Pridemore, Jr. ("Pridemore"), filed his complaint in this action on May 6, 2005 [Record No. 1].  Upon initial screening, the Court entered a Memorandum Opinion and Order on July 8, 2005, directing the United States Marshals Office to serve the individually-named defendants "in their official capacities only."  [Record  No. 8] The Memorandum directed the Clerk of the Court to serve the Memorandum upon the Jailer/Warden of "the institution in which the prisoner is currently confined."  As of that date, that institution was the Laurel County Detention Center ("L.C.D.C.").  The record reflects entry of the returned summons for each of the individually-named defendants on July 21 and 22, 2005, respectively [Record Nos. 12, 13].

Because the defendants did not file any response to Pridemore's complaint for over seven months, the Court entered a Scheduling Order on February 10, 2006, which directed the

defendants to file an answer or other responsive pleading within twenty (20) days of its entry. Because the defendants did not comply with the Court's Order, the Court entered a Show Cause Order on April 10, 2006 [Record No. 18].

In their Response, the defendants indicate that Pridemore was transferred from L.C.D.C. to the Roederer Correctional Complex on July 19, 2005. Pridemore indicated as much in his Notice of Change of Address [Record No. 15]. It appears that Pridemore was thereafter transferred to the Boone County Detention Center on August 9, 2005, where he stayed until his final release from state custody on November 1, 2005 [Record No. 19, Exhibit 1].

The record therefore reflects that L.C.D.C. was served with the July 11, 2005 Memorandum Opinion and Order [Record No. 8]. That Order specifically indicated that the individually-named defendants were being sued only in their official capacities as employees of L.C.D.C. It is well established that official capacity suits "generally represent only another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). L.C.D.C. was thus put on notice that it was potentially liable for the claims asserted in this action. That notice was further solidified by proper service of the summons and complaint in late July 2005. While the defendants have more than adequately explained why they did not receive either this Court's February 2006 Scheduling Order or this Court's April 2006 Show Cause Order, they have failed to offer any explanation for their failure to file an answer to the complaint in the first instance.

Nonetheless, entry of default judgment is an extreme remedy only to be applied in rare circumstances where the party is persistently nonresponsive or uncooperative. *South. Distr. Co., Inc. v. Techn. Support Assoc., Inc.*, 105 F.R.D. 1, 3 (S.D.Tex. 1984). Whenever possible, cases should be decided on their merits, *U. S. v. Skalsky*, 71 F.R.D. 564, 567-68 (E.D.Pa. 1976), particularly

where the case implicates an issue of public concern, *Wilson v. Winstead*, 84 F.R.D. 218, 219 (E.D.Tenn. 1979).  Default judgment is not warranted under these circumstances.

In addition, the defendants correctly state that the plaintiff's complaint, as well as the other documents Pridemore filed in this Court, requests only injunctive relief requiring the defendants to provide him with medical care.  Pridemore's complaint, even generously construed, contains neither an express nor implied request for monetary damages, nor an allegation of direct harm from the denial of medical care that would support such a request.  Defendants assert that because they are no longer in a position to provide Pridemore with the treatment he requested  in his complaint, his claims have been rendered moot.  An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot upon the inmate's release from confinement or transfer to another facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997).  The defendants have established with documentary evidence that Pridemore was transferred out of L.C.D.C. on July 19, 2005, and entirely out of state custody on November 1, 2005.  Pridemore's claims have therefore been rendered moot and will be dismissed with prejudice.[1]

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     The plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

(2)     Defendants' Motion for Leave to File Late Answer [Record No. 22] is **DENIED** as **MOOT**.

(3)     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C.

---

[1]  Pridemore has also failed to keep the Court apprised of his current mailing address [*see* Record No. 20] as required by the Court's July 11, 2005 Order [Record No. 8, ¶7], an independent basis for dismissal.

§1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4)     This is a **FINAL** and **APPEALABLE ORDER** and there is no just cause for delay.

(5)      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 9th day of June, 2006.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**

4